UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC IVORY,

        Petitioner,

v.                                  CASE NO. 04-CV-71279-DT
                                  HONORABLE VICTORIA A. ROBERTS

ANDREW JACKSON,

        Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Petitioner has filed a motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b) concerning the Court's denial of his petition for a writ of habeas corpus in 2005. The United States Court of Appeals for the Sixth Circuit affirmed the Court's decision. *See Ivory v. Jackson*, 508 F.3d 284 (6th Cir. 2007). In his motion, Petitioner asserts that the Court erred in ruling that his ineffective assistance of counsel claim was barred by procedural default. Petitioner cites *Zimmerman v. Davis*, 683 F. Supp. 2d 523 (E.D. Mich. Jan. 7, 2010), and *Guilmette v. Howes*, 624 F.3d 286 (6th Cir. Oct. 21, 2010) (en banc), in support of his position.

To the extent that Petitioner seeks reconsideration of the Court's denial of his petition, he is not entitled to relief. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition

must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Petitioner is also not entitled to relief from judgment. Under Federal Rule of Civil Procedure 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1); *see also Conner v. Attorney General,* 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A district court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner did not file his motion for relief from judgment within one year after entry of the Court's decision, nor did he file it within a reasonable time, given that the Court denied his

petition on April 27, 2005 and he dated his motion on January 3, 2012. Additionally, the federal court decisions upon which Petitioner relies were issued in January and October of 2010, respectively, but Petitioner did not file his motion until more than one year and two months after the latter of those decisions. Petitioner did not act within a reasonable time in bringing his motion. He has also failed to provide any explanation as to why the Court should consider his extended delay in filing his motion to be reasonable. Petitioner's motion is therefore untimely and must be denied.

Moreover, even if the Court considers the merits of Petitioner's motion under Federal Rule of Civil Procedure 60(b), he is not entitled to relief. The Court did not err in denying the habeas petition or ruling on the procedural default issue under the law as it existed at the time of the Court's opinion. To be sure, the Sixth Circuit affirmed the Court's decision.

Furthermore, the Court's procedural default ruling comports with current law. In *Guilmette*, the Sixth Circuit ruled that the form order used by the Michigan Supreme Court to deny leave to appeal is an unexplained order because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette*, 624 F.3d at 291-92. Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief. The Court did so in this case. As explained in the Court's opinion and order denying the petition, Petitioner first raised his ineffective assistance of counsel claim in his state court motion for relief from judgment and the trial court denied relief based upon his failure to establish good cause to excuse his failure to raise the claim on direct appeal and actual prejudice, as required by Michigan Court Rule

6.508(D)(3). The Michigan appellate courts then denied leave to appeal citing Michigan Court Rule 6.508(D). Consequently, the record shows that the state courts relied upon a state procedural rule to deny the ineffective assistance of counsel claim and this Court properly ruled on the procedural default issue.[1]

Petitioner has thus failed to establish that the Court erred in denying his habeas petition or that extraordinary circumstances warrant relief from judgment in this case. Accordingly, the Court **DENIES** his motion for relief from judgment. This case remains closed.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 12, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 12, 2012.

s/Carol A. Pinegar
Deputy Clerk

---

[1] The Court notes that it found Petitioner's ineffective assistance of trial and appellate counsel claims to be without merit in considering whether he had established cause and prejudice to excuse his procedural default.

4